72 So.2d 122

### STRICKLAND v. HELMS.

#### 4 Div. 250.

Court of Appeals of Alabama.

April 14, 1954.

J. A. Carnley and S. Fleetwood Carnley, Elba, for appellant.

J. W. Hicks, Enterprise, for appellee.

HARWOOD, Judge.

In the suit below J. O. Helms claimed damages, actual and punitive, for an assault and battery allegedly committed on him by R. S. Strickland.

The defendant Strickland pleaded the general issue, and also filed a plea of recoupment claiming actual and punitive damages for an assault and battery by the plaintiff on him, said claim growing out of the same fight on which plaintiff based his suit.

Issues were joined on the above pleading.

The evidence presented by the plaintiff tended to show that the plaintiff, a County Commissioner for Coffee County, was in a store of J. B. Maddox in New Brocton, and was engaged in conversation with Frank Marsh. The defendant entered the store. Then, according to the plaintiff the defendant asked him if he had changed his mind about changing a road from New Brocton. He (plaintiff) replied: "No, I haven't, Ren." Thereupon the defendant "hauled off and hit" him. Mr. Helms testified he

was knocked back several feet into a glass show case, and was momentarily unconscious. Then, according to the plaintiff's testimony:

"When I got up,—got to myself and got up, he was standing there about as far as from me to Mr. Rowe there. (pointing) He says to me, 'I am just fighting for my wife and children.' Of course I was kind of staggery, you know, and he repeated it again. I said, 'Ren, that is a hell of a way of fighting for them,' and when he did he started for me and I grabbed him around the neck and he grabbed me. About that time somebody, I don't know who it was, separated us, and Alto Henderson come and said, 'Come on and go to the doctor and have your arm dressed.' And that was every lick passed and everything."

The plaintiff further testified that he at no time hit the defendant, nor did he bite him.

The plaintiff's evidence further tends to show that his glasses were knocked off by the blow and broken, that a bruise and cut were inflicted above his eye, and his arm was cut when he fell into the show case. This latter injury required several stitches.

The defendant's evidence was directed toward showing that when he entered the store he saw the plaintiff and Marsh talking. After greeting them he asked the plaintiff about the possibility of making certain changes in the proposed new road. Then, according to the defendant, the following occurred:

"A. Well, Mr. Helms told me, he says, 'No, I haven't, Ren; I won't, and I think I will get that damned mess off of your mind.' And he threw his right foot from an apple box, wheeled towards me and put his right hand in his pocket, and almost had some instrument surfaced.

"Q. What did you do? A. Well, then I struck to keep that instrument from being coming to me."

The defendant further testified that the plaintiff did not fall into the show case, but only got off balance from the blow; that he "got right up" and came back at him and struck him, locked his arm around defendant's neck and bit him on his left arm.

The defendant further testified that he had had a previous difficulty with the plaintiff growing out of the location of the new road.

In rebuttal the plaintiff testified that while he had had previously discussed the matter of the new road with the defendant, no unpleasantness of any sort had occurred during such discussions.

The jury returned a verdict in favor of the plaintiff and assessed his damages at one hundred dollars.

Defendant's motion for a new trial being overruled he perfected his appeal to this court.

Two points are urged as error by counsel for appellant.

The first is that the court erred in overruling appellant's motion for a new trial on the grounds that the verdict was contrary to the evidence.

■ This contention is without merit. The evidence presented by the appellee, if believed by the jury under the required rule, is abundant in its tendencies to support the verdict. While the appellant's evidence conflicted with that of the appellee's, such conflict presented a question solely within the province of the jury to resolve.

The second point argued by the appellant is that the verdict is contrary to the law of the case in light of the following written charge given to the jury at the request of the appellant:

"I charge you Gentlemen of the Jury that under the evidence in this case the burden is upon the plaintiff to prove to your reasonable satisfaction that the defendant was not free from fault in bringing on the difficulty."

In their brief counsel for appellant state: "The defendant had pleaded self defense. Of course the burden was upon the defendant to prove the essential elements of his plea, other than freedom from fault, he meets his burden and proves his plea. Thereafter the burden of showing that the defendant was not free from fault rested upon the plaintiff (appellee). The requested charge to that effect was given. We insist, that plaintiff did not meet that burden, and that the jury rendered a verdict contrary to this principle of law." * * *

The charge being given at appellant's request, it was yet for the jury to apply the evidence to the principle enunciated in the charge.

■ Again, we think that all that is necessary to say is that the plaintiff's evidence, if believed by the jury under the required rule, was ample in justifying the jury in its apparent conclusion that such evidence met the requirements of the legal principle set forth in the charge.

Affirmed.